IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PATRICIA KACZMAREK,

                Plaintiff,

v.                                                                                    OPINION and ORDER

KILOLO KIJAKAZI,                                                        21-cv-176-jdp
Acting Commissioner of the Social Security
Administration,

                Defendant[1].

---

Plaintiff Patricia Kaczmarek seeks judicial review of a final decision of the Commissioner of the Social Security Administration, finding her not disabled under the Social Security Act. She contends that administrative law judge (ALJ) Robert Tjapkes erred by (1) failing to adequately address her obesity; and (2) failing to sufficiently articulate his rationale for rejecting the opinion of her treating psychiatrist.[2] Neither of these issues requires remand, so the court will affirm the commissioner's decision.

ANALYSIS

Kaczmarek applied for disability insurance benefits and supplemental security income on January 17, 2019, alleging that she was unable to work because of a variety of physical and

---

[1] The court has updated the caption in accordance with Fed. R. Civ. P. 25(d).

[2] Kaczmarek also contends that the ALJ's decision was invalid under *Seila Law LLC v. Consumer Financial Protection Bureau*, 140 S. Ct. 2183 (2020). But this court has rejected that argument multiple times. S*ee Kreibich v. Kijakazi*, No. 20-cv-1045-bbc, 2022 WL 538261, at *6 (W.D. Wis. Feb. 23, 2022) (collecting cases). And Kaczmarek cites no contrary authority from the Seventh Circuit or anywhere else, so it isn't necessary to consider that issue again.

mental impairments, including depression, anxiety, fibromyalgia, arthritis, and bulging discs in her back and neck.[3] R. 261.[4] After the local disability agency denied her applications initially and upon reconsideration, Kaczmarek requested a hearing before an ALJ, which was held telephonically on June 1, 2020, before ALJ Robert Tjapkes. Kaczmarek, who was represented by counsel, testified, as did Adolph Cwik, a neutral vocational expert. R. 49.

After the hearing, ALJ Tjapkes determined that Kaczmarek suffered from the severe impairments of degenerative disc disease, post-operative carpal tunnel syndrome, orthostatic hypotension, obesity, bipolar disorder with depression, and generalized anxiety disorder. R. 52. He concluded that she had the residual functional capacity (RFC) to perform sedentary work but could not: climb ladders, ropes or scaffolds or work around hazards; crouch, crawl, kneel, stoop, or climb ramps or stairs more than occasionally; balance or perform fingering more than frequently; or tolerate more than occasional exposure to extremes of cold and vibration. R 55-56. In addition, he found that due to her mental impairments, Kacmarek could understand, remember, and carry out simple instructions and tasks; could interact with coworkers, supervisors, and the public only occasionally; could not perform fast paced or production rate work; and could not tolerate more than occasional changes in the workplace setting. R. 56. Relying on Cwik's testimony, the ALJ found that Kaczmarek wasn't disabled because she could work as a document preparer, printed circuit board inspector, or optical assembler, positions that he determined were sufficiently available in the national economy. R. 62.

---

[3] When Kaczmarek applied for disability benefits, she alleged that she had been disabled since August 18, 2016. At the hearing, she voluntarily amended her onset date to the date of filing, January 29, 2019. This resulted in her abandoning her claim for disability insurance benefits, which expired before January 29, 2019. R. 49.

[4] Record cites are to the administrative transcript, located at Dkt. 14.

This court must uphold the commissioner's decision to deny benefits "if it applies the correct legal standard and is supported by substantial evidence." *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010). The "substantial evidence" standard is deferential, requiring only that the ALJ base his decision on relevant evidence that a reasonable person could find sufficient to support the decision. *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003). Bit the ALJ must "build an accurate and logical bridge from the evidence to his conclusion" to deny benefits. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

A. **Consideration of obesity**

Kaczmarek first argues that the ALJ erred by failing to comply with Social Security Ruling 19-2p. The ruling provides that although obesity is not a listed impairment, an ALJ must nonetheless "consider the limiting effects of obesity when assessing a person's RFC" and explain how he reached his conclusion about whether obesity causes any limitations. Soc. Sec. Ruling, SSR 19-2p; Titles II & XVI: Evaluating Cases Involving Obesity, SSR 19-2p (S.S.A. May 20, 2019). Kaczmarek says the ALJ violated this ruling because he mentioned her obesity only in his discussion of the listings and not in the part of the decision where he assessed her residual functional capacity. She further criticizes his discussion as "perfunctory" and largely "boilerplate."

Kaczmarek is correct that the ALJ didn't say much about her obesity or make a specific finding about whether it posed any limitations on her RFC, although he did say that he "considered" it. R. 54. But as the commissioner points out, "the claimant must articulate how her obesity limits her functioning and exacerbates her impairments." *Hisle v. Astrue*, 258 F. App'x 33, 37 (7th Cir. 2007) (citing *Prochaska v. Barnhart*, 454 F.3d 731, 736-37 (7th Cir. 2006) and *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004)). Where "the claimant

3

herself is silent" about the limiting effects of her obesity, the Seventh Circuit has "repeatedly excused as harmless error the failure of an ALJ to explicitly address the claimant's obesity as [the ruling] prescribes so long as the ALJ demonstrated that he reviewed the medical reports of the doctors familiar with the claimant's obesity." *Hernandez v. Astrue*, 277 F. App'x 617, 624 (7th Cir. 2008).

Here, the ALJ demonstrated his familiarity with Kaczmarek's obesity by noting that her medical records described her weight as "consistently above 195 pounds throughout the relevant period, giving her a body mass index of 33 and above." R. 57. But he also noted that these records showed that Kaczmarek had full strength, intact sensation, normal reflexes, good balance and normal gait. *Id*. Kaczmarek does not dispute the accuracy of these findings. More critically, nowhere in her six–page argument does she identify any records that refer to any limitations caused by her obesity, nor does she explain how her obesity affects her ability to work other than to suggest that it generally exacerbates her impairments. Contrary to her argument on reply, it was her burden to produce such evidence. *Hernandez*, 277 F. App'x at 624. Because she has failed to do so, the ALJ's failure to be more explicit about the limiting effects of her obesity (which appear to be none), was at most harmless error.

B.  **Dr. Obaneye's opinion**

Kaczmarek next challenges the ALJ's assessment of an opinion from her treating psychiatrist, Dr. Bababo Opaneye. In assessing medical opinion evidence, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 416.920c(a). Rather, the ALJ is to consider the following factors when determining the proper weight to apply to the opinion or prior administrative finding: (1)

4

supportability; (2) consistency; (3) the relationship with the claimant, including the length, purpose, and extent of the treatment relationship, the frequency of examinations, and the examining relationship; (4) specialization; and (5) other factors brought to the attention of the Commissioner. 20 C.F.R. § 416.920c(c). The ALJ must consider all of these factors, but he need explain only how he considered supportability and consistency. § 416.920c(b). The court will affirm the ALJ's assignment of weight to various medical opinions if it is supported by substantial evidence. *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021). It can't reweigh the evidence or substitute its judgment for the ALJ's. *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013).

On April 19, 2019, Dr. Opaneye completed a checkbox-type form concerning the effects of Kaczmarek's mental impairments and their severity. R. 2419–29. The doctor indicated that Kaczmarek met the criteria of the listings for both anxiety and affective disorders, noting her frequent anxiety and panic attacks. He further opined that her impairments prevented her from performing a number of mental abilities for 15 percent or more of the workday, including remembering and understanding short and simple instructions, keeping a schedule, maintaining attendance, performing at a consistent pace, and working near others without being distracted by them. R. 2423–25. He also found that Kaczmarek would be off-task for more than 30 percent of an eight-hour workday, was likely to miss work five or more days a month, and had other severe limitations that would preclude even unskilled work. R. 2425–27.

The ALJ noted all of these findings in his decision but found Dr. Opaneye's opinion unpersuasive. R. 60. He explained that the "extreme" limitations endorsed by the doctor were not consistent with Kaczmarek's largely normal presentation during mental status

5

examinations, many performed by Dr. Opaneye himself, where she was found to be cooperative with good eye contact, fully oriented in all spheres, and to have generally intact memory and concentration, goal-directed and logical thoughts, fair to good insight and judgment, and no suicidal ideation. R. 60; *see also* R. 58 (summarizing medical records). In addition, Dr. Opaneye had filled out a form that used outdated criteria. R. 60. The ALJ was more persuaded by the opinions of the state agency psychological consultants, who concluded generally that Kaczmarek's mental impairments would impose some moderate limitations, but would not prevent her from meeting the basic mental demands of unskilled work. R. 59. The ALJ explained that the consultants had supported their assessments "with a detailed analysis of the evidence of record" and their conclusions were "generally consistent with the claimant's mental status examinations." *Id*.

Kaczmarek raises two objections to the ALJ's analysis, neither of which is persuasive. Primarily, she argues that the ALJ's assessment of Dr. Opaneye's opinion failed to comply with the regulation because it was too conclusory. But contrary to her assertion, the regulation doesn't say that an ALJ must articulate his assessment of the medical opinions "in detail." To the contrary, the regulation imposes a minimal articulation requirement on ALJs, requiring them only to "explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings[.]" 20 C.F.R. § 416.920c. The ALJ did that here, explaining that he did not find Dr. Opaneye's opinion to be either well-supported or consistent with the mental status evaluation findings, which he outlined in his decision. The ALJ said enough to enable the court to trace the path of his reasoning; no more was required. *Clifford v. Apfel*, 227 F.3d 863, 874 (7th Cir. 2000); *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993).

Second, Kaczmarek accuses the ALJ of "cherry-picking" the record and discussing only the evidence that supported his conclusion and ignoring evidence that supported her claim. Specifically, Kaczmarek points out that the ALJ did not mention that Dr. Opaneye had suggested that she try electroconvulsive therapy (ECT) to treat her chronic depression. Citing a medical website[5] describing what ECT is and what it's used for (the treatment of severe depression, especially when medications aren't tolerated or other forms of therapy haven't worked), Kaczmarek argues that Dr. Opaneye's recommendation of ECT "evidenced that [her] condition was severe and potentially disabling." Dkt. 18, at 17. But this is not inconsistent with what the ALJ found, namely, that Kaczmarek's depression was severe and *could* be disabling. The mere fact that Dr. Opaneye recommended ECT does not prove disability or undermine the ALJ's reliance on the largely-normal mental status findings as a basis for questioning the reliability of Dr. Opaneye's opinion. What is more, one of the state agency consultants noted the ECT suggestion in Kaczmarek's medical record but still concluded she could perform work generally consistent with the ALJ's RFC assessment. R. 282, 288–90. Contrary to Kaczmarek's argument, the ECT evidence was not "an entire line of evidence that support[ed] a finding of disability," so the ALJ did not err in failing to discuss it. *Deborah M. v. Saul*, 994 F. 3d 785, 788 (7th Cir. 2021).

## C. Conclusion

In sum, Kaczmarek hasn't shown that the ALJ erred in his assessment of her obesity or Dr. Opaneye's opinion. At most, she has established that the ALJ could have written a more detailed opinion, but this is not a basis to remand her case.

---

[5] See https://www.mayoclinic.org/tests-procedures/electroconvulsive-therapy/about/pac-20393894.

ORDER

IT IS ORDERED that Patricia Kaczmarek's motion for summary judgment, Dkt. 17, is DENIED, and the administrative decision is AFFIRMED. The clerk of court is directed to enter judgment in favor of the defendant and close this case.

Entered March 17, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge